JUDGE DAVID GUADERRAMA

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

FILED

2023 JAN 27  PM 3:48

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

| | |
|---|---|
| **ALAN CONTRERAS**<br><br>Plaintiff,<br><br>v.<br><br>**ENDURANCE WARRANTY SERVICES, L.L.C.** a Illinois Limited Liability Company<br><br><br><br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

EP 23 CV 0039

**PARTIES**

1.      Plaintiff ALAN CONTRERAS is a natural person and is a citizen of the Western District

of Texas and was present in the Western District of Texas during all calls at issue in this case.

2.      Defendant ENDURANCE WARRANTY SERVICES, L.L.C. ("EWS" "Defendant") is a

limited liability company organized and existing under the laws of Illinois with its principal

address at 400 Skokie Blvd Suite 105, Northbrook IL, 60062 and is a foreign registered

corporation in Texas and can be served via its registered agent COGENCY GLOBAL INC. at

1601 Elm St., Suite 4360 Dallas, TX 75201.

**NATURE OF ACTION**

3.      As the Supreme Court recently explained, "Americans passionately disagree about many

things. But they are largely united in their disdain for robocalls. The Federal Government receives

a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. . . . For

1

nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Pol. Consultants LLC*, 140 S. Ct. 2335, 2343 (2020).

4.     Plaintiff ALAN CONTRERAS ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that Defendant's agents placed illegal robocalls with a prerecorded voice message to his personal cell phone for telemarketing purposes in violation of the TCPA.

5.     Defendant offers vehicle service contracts ("VSC's") to consumers. As part of marketing their services, Defendant authorizes their agents, representatives, and or employees to place illegal calls with a prerecorded voice message to thousands of consumers personal cell phones including Plaintiff's.

6.     Plaintiff never consented to receive any of the alleged phone calls, which were placed to him for telemarketing purposes.

## JURISDICTION AND VENUE:

7.     The Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

8.     The Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim arises from the same nucleus of operative fact, i.e., Defendants' telemarketing calls to Plaintiff, and adds little complexity to the case, so it is unlikely to predominate over the TCPA claims.

9.     The Court has personal jurisdiction over Defendant because they conduct business in this District and in the State of Texas and because the events giving rise to this lawsuit occurred in this District.

10.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant regularly conduct business in the State of Texas and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

### THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

11.    In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

12.    The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

13.    The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

14.    The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

15.    Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

16.    The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thimeunder. 47 U.S.C. § 227(c)(5).

17.    According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

18.    The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

19.    The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any goods or service.

20.    *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003, FCC order).

regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

21.    The FCC confirmed this principle in 2013, when it explained that "a seller ...may be held vicariously liable under federal common law principles of agency for violations of eithim section 227(b) or section 227(c) that are committed by third-party telemarketers." In the Matter of the Joint Petition Filed by Dish Network LLC, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

22.    Under the TCPA, a text message is a call. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016).

## FACTUAL ALLEGATIONS:

23.    Plaintiff successfully registered his personal cell phone (XXX) XXX-2995 on the National Do-Not-Call Registry on February 22, 2022, which was more than 31 days prior to him receiving the alleged calls.

24.    Plaintiff never asked the National Do-Not-Call Registry administrator to remove him from the National Do-Not-Call Registry and Plaintiff was on the National Do-Not-Call Registry at all times relevant to this Complaint.

25.    Defendant EWS offers VSC's to consumers and targets consumers with vehicles that are past their vehicles factory warranty or about to expire.

26.    Defendant EWS is owned and operated by Richard Holland.

27.    As part of their marketing their VSC's, Defendant EWS's agents/employees make illegal robocalls with an artificial or prerecorded voice message to consumers personal cell phones nationwide without their prior express written consent.

28.     The illegal robocalls with a prerecorded voice message made to consumers by Defendant EWS are authorized by Richard Holland.

29.     Defendant EWS is well aware that the illegal robocalls with a prerecorded voice message being made to solicit their VSC's violate the TCPA.

30.     Defendant EWS has been sued prior to this lawsuit for violating the TCPA *Ginsburg v. Endurance Warranty Services, L.L.C.*, No. 1:20-cv-04652 (N.D.IL., Aug. 07, 2020) and *Reiner v. Endurance Warranty Services, LLC*, No. 1:22-cv-02037 (N.D.IL., Apr. 19, 2022) and continues their illegal behavior because violating the TCPA benefits Defendant EWS financially.

31.     Plaintiff received at least eight (8) unauthorized calls to his personal cell phone 2995 from Defendant EWS within a seven-day period soliciting their VSC's ("the calls"). *See Exhibit A.*

32.     Four of the calls started with artificial or prerecorded voice messages that stated,

"Hello this is Matt Curtis from Endurance Vehicle Protection I'm calling you back about the status of the manufactures warranty on your automobile. If your vehicle is out of coverage, our vehicle protection plans will help you avoid costly repair expenses. Please call us back now at 773-455-1905 so we can go over all of your coverage options it looks like you may also be eligible for additional benefits at no additional cost. Please return our call at 773-455-1905 again that's 773-455-1905. We do look forward to hearing from you."

"Hello, this is Lauren from Endurance vehicle protection in regards to your quote for a vehicle service contract not only do our VSC's cover 100% of parts, labor, taxes, and diagnostics, but we also have additional benefits at no extra cost that you may be eligible for we look forward to hearing from you the number to reach me at is 312-766-6513."

"Hello, this is Jacob Schomer from Endurance vehicle protection in regards to your quote for a vehicle service contract not only do our VSC's cover 100% of parts, labor, taxes, and diagnostics, but we also have additional benefits at no extra cost that you may be eligible for we look forward to hearing from you the number to reach me at is 866-918-1438 thanks have a good day."

"Hello, this is Florence Knutson from Endurance vehicle protection in regards to your quote for a vehicle service contract not only do our VSC's cover 100% of parts, labor, taxes, and diagnostics, but we also have additional benefits at no extra cost that you may be eligible for we look forward to hearing from you the number to reach me at is 866-918-1438 thanks have a good day."

33.    On August 5, 2022, Plaintiff received a voicemail from phone number (866) 918-1438 which is a phone number owned and operated by Defendant EWS.

34.    The voicemail was from one of Defendant EWS's representatives named Amanda.

35.    Amanda instructed Plaintiff to call her back at phone number (312) 667-0639 regarding coverage on Plaintiff's vehicle. *See Exhibit A.*

36.    Plaintiff was extremely annoyed for continuing to receive voicemails with a prerecorded voicemail soliciting VSC's and on the same day called the phone number left in the voicemail from Amanda (312) 667-0639 for the sole purpose of confirming the company responsible for the calls.

37.    Plaintiff was greeted by a female representative that advised Plaintiff the reason for the voicemail was for extended warranty coverage on his vehicle and solicited Plaintiff for a VSC on behalf of Defendant EWS.

38.    Plaintiff advised the representative that he was not interested and to please stop calling.

39.    Despite Plaintiff's request for Defendant EWS to stop calling, the calls continued.

40.    The calls were not made to Plaintiff for emergency purposes.

41.    Plaintiff has never had any relationship with Defendant EWS, and never knew who Defendant EWS was prior to the calls being made to his personal cell phone.

42.    Upon information and belief Plaintiff has received additional unauthorized solicitation calls within the past two years from Defendant EWS that are unknown to Plaintiff at this time but will be revealed during discovery.

43.    Plaintiff became frustrated, irritated, and annoyed by the calls.

44.    On four occasions, Defendant EWS spoofed their phone number to trick Plaintiff to answering the calls thinking it was a local phone number where Plaintiff resides (915).

45.    Table A below summarizes the calls Plaintiff received from Defendant EWS:

Table A

| Number: | Date | Time | Caller ID | Notes |
|---------|------|------|-----------|-------|
| 1 | 08/05/2022 | 9:06 AM | 915-288-2479 | Prerecorded voice message from Matt Curtis. |
| 2 | 08/05/2022 | 10:13 AM | 866-918-1438 | Direct call from Amanda left vm with callback number 312-667-0639. **I called and advised them I wasn't interested and to stop calling.** |
| 3 | 08/05/2022 | 12:27 PM | 866-918-1438 | Direct call from Amanda left vm with callback number 312-667-0639. |
| 4 | 08/05/2022 | 2:54 PM | 866-918-1438 | Direct call from Amanda left vm with callback number 312-667-0639. |
| 5 | 08/07/2022 | 10:38 AM | 866-918-1438 | Direct call from Amanda left vm with callback number 312-667-0639. |
| 6 | 08/08/2022 | 2:28 PM | 915-288-2479 | Prerecorded voice message from Jacob Schomer. |
| 7 | 08/09/2022 | 1:12 PM | 915-288-2479 | Prerecorded voice message from Lauren. |
| 8 | 08/12/2022 | 7:44 PM | 915-288-2479 | Prerecorded voice message from Florence Knutson. |

46.    Defendant employs outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

47.    Defendant's representatives, and their co-conspirators amassed lists of thousands of potential customers from public records, and data aggregators, and then place phone calls using an artificial or prerecorded voice message to solicit VSC's on behalf of Defendant EWS.

48.    Defendant EWS has knowledge of and has adopted and maintained TCPA violations as a sales strategy. Defendant EWS knew full well that their representatives are calling and harassing consumers in an attempt to procure business on behalf of the Defendant EWS.

49.    Defendant EWS refuses to take any action to stop or curtail the unlawful sales practices that violate the TCPA because these practices benefit Defendant EWS financially.

50.    Defendant EWS is not registered pursuant to § 302.101 of the Texas Business &

Commerce Code to provide telephone solicitations. The

https://direct.sos.state.tx.us/telephone/telephonesearch.asp website ("Texas Registration

Database") does not contain Defendant EWS's registration.

51.    Defendant EWS does not qualify for an exemption under § 302.053.

52.    No emergency necessitated none of the alleged the calls.

53.    Plaintiff sent an internal do-not-call policy request to Defendant EWS to email

social@endurancedirect.com on January 23, 2023, which is an email listed on their face book

page  they own and control https://www.facebook.com/endurancewarranty.

54.    Defendant EWS never sent Plaintiff their internal do-not-call policy.

55.    Upon information and belief, Defendant did not train their telemarketers/representatives

who engaged in telemarketing on the existence and use of Defendant EWS's internal do not call

policy as they failed to recognize Plaintiff's personal cell phone 2995 is registered on the

National Do-Not-Call Registry.

56.    Plaintiff was harmed by the calls. Plaintiff was temporarily deprived of legitimate use of

his phone because the phone line was tied up during the telemarketing calls and his privacy was

improperly invaded. Moreover, these calls injured Plaintiff because they were frustrating,

obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff. The calls caused

Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from

otherwise using his telephone for lawful purposes.

## THE TEXAS BUSINESS AND COMMERCE CODE 305.053

57.    The Texas Business and Commerce code has an analogous portion that is related to the

TCPA and was violated in this case.

58.     The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or

subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages.

## VIOLATIONS OF THE TEXAS BUSINESS AND COMMERCE CODE § 302.101

59.     The actions of the Defendant violated the Texas Business and Commerce Code 302.101

by placing solicitation phone calls to a Texas resident without having registration certificate and

bond on file with the Texas Secretary of State.

60.     Texas Business and Commerce Code § 302.101 provides a private right of action.  A

violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E,

Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by

Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code §

302.303.

61.     The use or employment by any person of a false, misleading, or deceptive act or practice"

causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50.

62.     Texas Business and Commerce Code §302.101 states that a person (1) "may not make a

telephone solicitation" (a) "from a location in [Texas]" or (b) "to a purchaser located in [Texas],"

(2) "unless the [person] holds a registration certificate for the business location from which the

telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

63.     Under Texas Business and Commerce Code § 302.302 Plaintiff is entitled to seek

damages of up to $5000 per violation of §302.101.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES
## AS A RESULT OF THE CALLS

64.     Plaintiff has been denied the use of his phone, enjoyment of his phone, and had the

functionality of his phone decreased because of unnecessary charging, erosion of phone memory,

and had his privacy invaded by the harassing calls.

65.    Defendant's calls harmed the Plaintiff by causing the very harm that Congress sought to prevent a "nuisance and invasion of privacy."

66.    Plaintiff has been annoyed, harassed, and irritated by the calls placed by Defendant EWS.

67.    Defendant's calls harmed the Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone by placing unwanted telemarketing calls to the Plaintiff.

### THE PLAINFF'S CELL PHONE IS A RESIDENTIAL NUMBER

68.    The calls were to the Plaintiff's cellular phone (XXX) XXX-2995 which is the Plaintiff's personal cell phone that he uses for personal, family, and household use. The Plaintiff maintains no landline phones at his residence and has not done so for at least 20 years and primarily relies on his cellular phone to communicate with friends and family. The Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. The Plaintiff has his cell phone registered in his personal name, pays the cell phone from his personal accounts.

### CAUSES OF ACTION:

### COUNT ONE:
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by Automated Telemarketing Without Prior Express Written Consent

69.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

70.    Defendant's representatives violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), at least four (4) times by placing non-emergency telemarketing calls to Plaintiff's cellular telephone number using an artificial or prerecorded voice message without his prior express written consent.

71.     Plaintiff was statutorily damaged at least four (4) times under 47 U.S.C. § 227(b)(3)(B) by Defendant by the telephone calls described above, in the amount of $500.00 per call.

72.     Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount to $1,500.00 as permitted under U.S.C. § 227(b)(3)(C) for each and every willful and/or knowing violation.

73.     Plaintiff is also entitled to and does seek an injunction prohibiting Defendant and their affiliates and agents from violating the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by placing non-emergency telemarketing calls to any cellular telephone number using an artificial or prerecorded voice message and/or without prior express written consent.

## COUNT TWO:
### (Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))

74.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

75.     Defendant's agents/employees called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls for the purposes of commercial solicitation, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

76.     Plaintiff was statutorily damaged at least eight (8) times under 47 U.S.C. § 227(c)(3)(F) by Defendant by the telemarketing calls described above, in the amount of $500.00 per call.

77.     Plaintiff was further statutorily damaged because Defendant willfully and/ or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5) for each and every willful and/or knowing violation.

78.   Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

**COUNT THREE:**
**Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d)**

79.   Plaintiff incorporates the forgoing allegations as if fully set forth herein.

80.   The foregoing acts and omissions of Defendant and/or their representatives constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking the following:

   a.   A written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1) [2];

   b.   Training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2) [3]; and,

   c.   In the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[4]

81.   Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

82.   Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

**COUNT FOUR**

**(Violations of The Texas Business and Commerce Code 305.053)**

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[4] *See id.* at 425 (codifying a June 26, 2003 FCC order

83. Plaintiff incorporates the foregoing allegations as if set forth herein.

84. The foregoing acts and omissions of Defendant and/or their representatives or agents constitute multiple violations of the **Texas Business and Commerce Code 305.053**, by making non-emergency telemarketing calls to Plaintiff's cellular telephone number without his prior express written consent in violation of 47 U.S.C. § 227 et seq. The Defendant violated 47 U.S.C. § 227(d) and 47 U.S.C. § 227(d)(3) and 47 U.S.C. § 227(e) by using an artificial or prerecorded voice message that does not comply with the technical and procedural standards under this subsection.

85. Plaintiff seeks for himself an award of at least $500.00 in damages for each such violation. **Texas Business and Commerce Code 305.053(b).**

86. Plaintiff seeks for himself an award of up to $1,500.00 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 305.053**(c).

## COUNT FIVE

### (Violations of Texas Business and Commerce Code 302.101)
### Failure to obtain a Telephone Solicitation Registration Certificate

87.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

88.     Defendant EWS made at least eight (8) solicitation sales calls to Plaintiff without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

89.     As a result of Defendant's EWS violations of Tex. Bus. and Com. Code 302.101 Plaintiff may seek damages of up to $5,000 for each violation.  Tex. Bus. and Com. Code 302.302(a).

90.     As a result of Defendant's EWS violations of Tex. Bus. and Com. Code 302.101 Plaintiff may seek all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Alan Contreras prays for judgment against the Defendant jointly and severally as follows:

A.     Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial.

B.     A declaration that actions complained of him by Defendant violates the TCPA and Texas state law.

C.     An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.     An award of $1500 per call in statutory damages arising from the TCPA §227(b) intentional violations jointly and severally against the corporation for 4 calls.

E.     An award of $1500 per call in statutory damages arising from the TCPA §227(c) intentional violations jointly and severally against the corporation for 8 calls.

F.     An award of $1,500 in statutory damages arising from violations of the Texas Business and Commerce code 305.053

G.     An award of $5,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101 intentional violations jointly and severally against the corporation for 8 calls.

H.     An award to Mr. Contreras of damages, as allowed by law under the TCPA.

I.     An award to Mr. Contreras of interest, costs, and attorneys' fees, as allowed by law and equity

J.     Such further relief as the Court deems necessary, just, and proper.

January 27, 2023,                              Respectfully submitted,

Alan Contreras
Plaintiff, Pro Se
12568 Alicia Arzola Dr
El Paso, Texas 79928
915-263-2995
acon.ford80@gmail.com

JUDGE DAVID GUADERRAMA

EP23CV0039

# EXHIBIT A

11:55

5G

Greeting        **Voicemail**        Edit

Weslaco, TX                      01:00  ⓘ

+1 (915) 288-2479        8/12/22  ⓘ
Clint, TX                        00:27

+1 (915) 288-2479        8/9/22   ⓘ
Clint, TX                        00:27

+1 (915) 288-2479        8/8/22   ⓘ
Clint, TX                        00:49

+1 (866) 918-1438        8/7/22   ⓘ
unknown                          00:41

+1 (866) 918-1438        8/5/22   ⓘ
unknown                          00:28

+1 (866) 918-1438        8/5/22   ⓘ
unknown                          00:24

+1 (866) 918-1438        8/5/22   ⓘ
unknown                          00:28

+1 (915) 288-2479        8/5/22   ⓘ
Clint, TX                        00:49

+1 (915) 590-3100        8/4/22   ⓘ
El Paso, TX                      00:11



12:04

Voicemail

+1 (866) 918-1438                    8/5/22

+1 (866) 918-1438                    8/5/22

**+1 (866) 918-1438**
unknown
August 5, 2022 at 10:13 AM

0:00                                  −0:28

**Transcription**
"Hi Alan it's Amanda calling back with endurance
warranty just helping you I wanted to reach out
to help set up your coverage for your Ford
mustang if you can give me a call back at your
earliest convenience we greatly appreciate it
phone number here again for myself is
312-667-0639 thank you so much and I hope
you have a wonderful day..."

Was this transcription useful or not useful?

+1 (915) 288-2479                    8/5/22

Tony Lopez (electrician)             7/21/22

+1 (888) 543-3742                    7/14/22

Favorites    Recents    Contacts    Keypad    Voicemail



**Voicemail**

+1 (915) 288-2479                               8/12/22

**+1 (915) 288-2479**
Clint, TX
August 9, 2022 at 1:12 PM

0:00                                           −0:27

**Transcription**
"Hello this is Lauren from endurance vehicle protection in regards to your quote for a vehicle service contract not only do our extended coverage BSEs cover 100% of parts labor taxes and diagnostics we also have additional benefits and no additional cost that you may be eligible for we look forward to hearing from you and the number to reach me at is 312-766-6513..."

Was this transcription useful or not useful?

+1 (915) 288-2479                               8/8/22

+1 (866) 918-1438                               8/7/22

+1 (866) 918-1438                               8/5/22

+1 (866) 918-1438                               8/5/22

Favorites    Recents    Contacts    Keypad    Voicemail



**Voicemail**

**+1 (915) 288-2479**
Clint, TX
August 12, 2022 at 7:44 PM

0:00                                      −0:27

**Transcription**
"Hi this is Florence Knutson from endurance vehicle protection in regards to your quote for a vehicle service contract not only do our extended coverage vehicle service contract ever 100% of parts labor taxes and diagnostic but we also have many additional benefits at no extra cost that you may be eligible for it so we do look forward to hearing back from you the number you can reach me at is 866918143 thanks have a good day..."

Was this transcription useful or not useful?

+1 (915) 288-2479                         8/9/22

+1 (915) 288-2479                         8/8/22

+1 (866) 918-1438                         8/7/22

+1 (866) 918-1438                         8/5/22

+1 (866) 918-1438                         8/5/22

Favorites    Recents    Contacts    Keypad    Voicemail